UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BIALO,

       Plaintiff,                                No. 17-12384

v.                                       Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 23, 2019 REPORT AND RECOMMENDATION [17]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his applications for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends granting Plaintiff's motion for summary judgment in part, denying Defendant's motion for summary judgment, reversing the Commissioner's decision, and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). (Dkt. 17.) The Commissioner objects to a portion of the report and recommendation. (Dkt. 18.) Plaintiff did not file any objections, nor did he respond to the Commissioner's objections. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES the Commissioner's objections and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court GRANTS IN PART Plaintiff's motion for summary judgment (Dkt. 15); DENIES

1

Defendant's motion for summary judgment (Dkt. 16); REVERSES the decision of the Commissioner of Social Security; and REMANDS this case to the Commissioner pursuant to sentence four of § 405(g) for further proceedings consistent with the Magistrate Judge's report and recommendation.

II.     **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

III.    **Analysis**

There are two types of remand in social security cases:  "(1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing § 405(g)).

Here, Plaintiff sought a sentence six remand, arguing there were three pieces of new and material evidence that for good cause were not presented to the administrative law judge ("ALJ").  The Commissioner does not object to the portions of the Magistrate Judge's report concluding that two of these pieces of evidence do not satisfy the criteria for a sentence six remand.  However, the Commissioner objects to the Magistrate

2

Judge's treatment of one piece of evidence—the missing page of Dr. Tripi's January 14, 2016 "psychological assessment and employability evaluation" report.

Dr. Tripi is a licensed psychologist who diagnosed Plaintiff with major depressive disorder and opined that Plaintiff was unable to work. (*See* dkt. 15-3.) The ALJ discussed Dr. Tripi's report but assigned it "little weight." (Tr. 21-22.) In so doing, the ALJ noted Dr. Tripi was a one-time examiner, and stated that Dr. Tripi had offered no narrative to support her assessment and appeared to base her opinion on Plaintiff's subjective complaints, and not on any clinical observations or findings. (Tr. 22.) On appeal, Plaintiff provided the second page of the report, which appeared to be missing from the record below. (*See* dkt. 15-3, Pg ID 469.) The Magistrate Judge found that the missing page, had it been before the ALJ, might have altered his analysis regarding the weight assigned to Dr. Tripi's opinion, (dkt. 17, Pg ID 522), because it included the "diagnosis" and "summary and conclusion" sections of the report and explained that her opinion was based on her "clinical interview, observations[,] and review of medical records," (*see* dkt. 15-3, Pg ID 469). The Magistrate Judge found that even though the missing page of the report was not new and thus did not satisfy the criteria for a sentence six remand, it was material and there was good cause for not having presented it to the Commissioner. (Dkt. 17, Pg ID 523.) The Magistrate Judge then went on to find that the incomplete record compromised Plaintiff's right to a fair hearing and thus a sentence four remand was warranted. (*Id.* at Pg Id 524-25.)

The Commissioner objects to two aspects of this analysis. First, the Commissioner argues the Magistrate Judge should have not have discussed the materiality and good cause elements of a sentence six remand after finding that the

3

evidence was not new and a sentence six remand is therefore not appropriate.[1]

Second, the Commissioner argues that even though an ALJ can consider new evidence after a sentence four remand, this Court cannot use evidence that was not before the Commissioner to justify a sentence four remand.

The Court will address the Commissioner's second objection first. While the Commissioner correctly notes that a district court cannot use evidence that was not in the record below to determine whether the ALJ's decision is supported by substantial evidence, (*see* dkt. 18, Pg ID 536 (citing *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007), and *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 n.3 (6th Cir. 2014))), that is not what the Magistrate Judge did here. Rather, the Magistrate Judge found that Plaintiff's right to a fair hearing had been compromised possibly due to the ALJ ignoring an obvious gap in the record. (*See* dkt. 17, Pg ID 520-21.) Due to this conclusion, the Magistrate Judge did not reach the question of whether there was substantial evidence supporting the ALJ's decision. (*See id.* at Pg ID 528.) Thus, contrary to the Commissioner's assertions, remanding this case pursuant to sentence four does not violate *Bass* or *DeLong*.

As one court aptly noted,

> [i]n most cases, the distinction between a remand under sentence four and a remand under sentence six will be clear. However, in cases where the claimant argues that the ALJ failed to fully and fairly develop the record, the borderline may not be so well marked. While the correction of an ALJ's decision will ordinarily depend on the evidence that was actually before her, if the ALJ can be faulted for failing to hold the record open or otherwise

---

[1] The Commissioner also disputes the Magistrate Judge's finding that there was good cause for not having presented the missing page of the report to the Commissioner. Because the Court adopts the Magistrate's conclusion that a sentence six remand is not warranted in this case, there is no need to address this issue.

4

> obtain and consider important evidence, the remand should be under sentence four, rather than sentence six.

*Rivera v. Astrue*, No. 11-C-966, 2012 U.S. Dist. LEXIS 107204, at *8 (E.D. Wis. Aug. 1, 2012) (internal citations omitted).  Here, the Magistrate Judge found—and the Court agrees—that there was an incomplete record and the ALJ may have been at fault for failing to obtain and consider the missing portion of the report.  Thus, a sentence four remand is appropriate, so the ALJ may properly analyze Dr. Tripi's report in its entirety.

This brings the Court back to the Commissioner's first objection.  While it is true that the materiality of the missing evidence and good cause for its omission are irrelevant to a sentence four remand, it appears the Magistrate Judge underwent this analysis to explain why he *sua sponte* recommended a sentence four remand.  Having found that the missing page might have altered the ALJ's decision, the Magistrate Judge appropriately concluded that the incomplete record warrants a sentence four remand in this case.

## IV.  Conclusion

For the foregoing reasons, the Court OVERRULES the Commissioner's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore GRANTS IN PART Plaintiff's motion for summary judgment (Dkt. 15); DENIES Defendant's motion for summary judgment (Dkt. 16); REVERSES the decision of the Commissioner of Social Security; and REMANDS this case pursuant to sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: March 26, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2019, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager