UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BIALO,

    Plaintiff,                                      No. 17-12384

v.                                                  Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [21]**

**I.    Introduction**

On March 26, 2019, the Court entered an opinion and order granting Plaintiff's motion for summary judgment in part, denying Defendant's motion for summary judgment, reversing the decision of the Commissioner of Social Security, and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (*See* dkt. 19.) The matter is now before the Court on Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. 21.) Plaintiff seeks $5,700.00 in attorney fees and $105.25 in expenses for a total of $5,805.25. Defendant filed a response stating that he has no objection to Plaintiff's request provided that this award satisfies all of Plaintiff's claims for fees, costs, and expenses. (Dkt. 22.) For the reasons stated below, the Court GRANTS Plaintiff's motion.

1

## II. Legal Standard

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant bears the burden of proving that a given position was substantially justified. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014). An attorney fee award under the EAJA is paid to the prevailing party, not the prevailing party's attorney, and thus may be "offset to satisfy a pre-existing debt that the litigant owes to the United States." *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017) (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)).

## III. Analysis

Because the Court remanded this case pursuant to sentence four, Plaintiff is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). And because Defendant does not object to Plaintiff's request, lack of substantial justification is "impliedly admitted." *See Cantu v. Comm'r of Soc. Sec.*, No. 18-11409, 2019 U.S. Dist. LEXIS 91001, at *3 (E.D. Mich. May 31, 2019) (internal quotation marks and citation omitted). In addition, the Court does not find any special circumstance that would make an award unjust. Thus, Plaintiff is entitled to an award of attorney fees pursuant to the EAJA.

To calculate a reasonable attorney fees award, courts use the "lodestar" approach, which requires the Court to multiple a reasonable hourly rate by the reasonable number of hours worked. *See Glass v. Sec'y of Health & Human Servs.*,

822 F.2d 19, 21 (6th Cir. 1987). Under the EAJA, an hourly rate over $125 may be awarded if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A). The prevailing party "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). While the Consumer Price Index alone is insufficient to satisfy this burden, parties may also rely on affidavits and attorney qualifications. *See Cantu,* 2019 U.S. Dist. LEXIS 91001, at *12-13 (citing cases).

Plaintiff's request for $5,700.00 in attorney fees is based on 28.5 hours worked at $200.00 per hour. To support the requested increase in hourly rate, Plaintiff cites to the cost of living and the applicable Consumer Price Index for the region and provides the Court with a summary of Plaintiff's counsel's relevant experience along with her resume. The Court finds the requested hourly rate reasonable. Plaintiff has also provided adequate documentation of the work performed, and the Court finds the number of hours worked reasonable. *See id.* at *13 ("[i]n a Social Security appeal, a reasonable expenditure of time for the representation of a party is between fifteen to thirty hours") (internal quotation marks and citation omitted). Thus, the Court finds Plaintiff's attorney fees request reasonable.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney fees under the EAJA is GRANTED. Plaintiff is awarded $5,805.25 in attorney fees and expenses.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 2, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager